IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case Nos. 03-CR-181-JHP |
| | ) | 05-CV-576-JHP |
| GREGORY DAYNE SMITH, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

**<u>ORDER</u>**

This is a proceeding initiated by the above-named defendant/petitioner who is an inmate at the Federal Correctional Institute located in El Reno, Oklahoma. On October 3, 2005, petitioner initiated this action under the provisions of 28 U.S.C. § 2255, alleging his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 03-CR-181-JHP, is unlawful.

The plaintiff/respondent filed a response to the motion to vacate on November 14, 2005, by and through the United States Attorney for the Northern District of Oklahoma. In addition, the Court has reviewed the relevant trial court records associated with Case No. 03-CR-181-JHP. The records reflect that the defendant was indicted in a three-count indictment filed on December 11, 2003. Count One of the indictment alleged that beginning in or about 2001, the defendant and five other named individuals conspired and agreed with each other to manufacture and distribute 500 grams or more of a mixture or substance containing

methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii). The defendant was not named in either Counts Two or Three.

Thereafter, on April 7, 2004, the defendant was named in a single-count Information which alleged between September 2002, and January 2003, he possessed equipment, chemicals, products and materials which may be used to manufacture methamphetamine, knowing the items would be used in the manufacturing of methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and (d)(2). On April 7, 2004, the defendant appeared before United States Magistrate Judge Sam A. Joyner and entered a plea of guilty to the Information pursuant to a written plea agreement. Doc. #104.

The Presentence Investigation Report ("PSR") calculated the defendant's total offense level at 12 which included a two-point reduction for acceptance of responsibility under § 3E1.1(a) of the Federal Sentencing Guidelines (PSR at ¶ 23). Based upon defendant's past criminal conduct, he received a total of five criminal history points placing him in a criminal history category of III (PSR at ¶¶ 32 to 34). The criminal history point calculation was based, in part, upon two deferred sentences[1] out of Ottawa County, Oklahoma, which, at the time of sentencing, had not been expunged (PSR at ¶¶ 29 to 30). In addition to the two criminal history points received for the two deferred sentences, the defendant also received one criminal history point for another conviction[2] to which he had plead guilty and been ordered to pay fine and costs (PSR at ¶ 31). The defendant also received two criminal history points, pursuant to §4A1.1(d) of the Federal Sentencing Guidelines, because he was on probation in Ottawa County Case No. CM-2001-0302 at the time

---

[1] Case Nos. CM-2000-0374 and CM-2001-0302.

[2] Case No. CM-2003-0222.

he committed the instant offense (PSR at ¶ 33).  As a result, the PSR calculated the defendant's sentencing range between 15 and 21 months (PSR at ¶ 51).

On December 20, 2004, the defendant was sentenced to 18 months imprisonment.  In addition, upon release from confinement, petitioner was sentenced to supervised release for a term of three years.  Petitioner was ordered to pay a $100 special assessment and a $1,500.00 fine.  *See*, Doc. # 216.  The judgment was entered on January 3, 2005, Doc. # 220.  The defendant did not perfect an appeal.

The instant motion, filed on October 3, 2005, raises two issues.  First, petitioner asserts his criminal history was inaccurately calculated.  Specifically, petitioner alleges the two deferred sentences he received in Ottawa County should not have resulted in any criminal history points.  Further, petitioner argues because he was not on probation at the time of his arrest he should not have received the two additional criminal history points.  Second, petitioner alleges counsel was ineffective in not objecting to the inaccurate calculation of his criminal history points.

Petitioner relies on *United States v. Johnson*, 941 F.2d 1102 (10th Cir. 1991) arguing the Ottawa County sentences were automatically expunged upon completion of the one year deferred sentence and, therefore, pursuant to §4A1.2(j) of the Federal Sentencing Guidelines, they should not have counted toward his criminal history points.  Although not expanding upon his argument regarding the additional two points received because he was on probation, defendant asserts since the sentences were expunged he could not have been on probation at the time of his arrest.

Petitioner's argument does not, however, accurately reflect the law regarding calculation of criminal history points.  The sole issue in *Johnson* was whether an individual had to take some affirmative action after completion of probation to have their record expunged.  Because the Court

answered the question negatively, the Court did not allow defendant's first deferred sentence on a bogus check charge to be counted in the scoring of the defendant's criminal history.

In *United States v. Hines*, 133 F.3d 1360, 1364 (10th Cir. 1998), however, the Court took a different approach when considering a similar expungement statute from the state of Arkansas. In that case, the Court distinguished *Johnson* saying that case did not address whether the use of the term "expunge" in a state statute is controlling for purposes of the Sentencing Guidelines. In *Hines*, the Court held when determining

> whether a conviction has been "expunged" for purposes of the Sentencing Guidelines, the district court must examine the "basis for the expungement. *See Cox*, 83 F.3d at 339. A conviction is "expunged" for Guideline purposes only if the basis for the expungement under state law is related to 'constitutional invalidity, innocence, or errors of law.' *Id*.

A review of the Oklahoma statutes indicate two different procedures exist for expungement of criminal records. First, 22 Okl.St.Ann. §§ 18 and 19 contains provisions which allow records to be expunged or sealed from public view if the person fits into one of the following categories:

1. The person has been acquitted;

2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the district attorney subsequently dismissed the charge;

3. The factual innocence of the person was established by the use of deoxyribonucleic acid (DNA)evidence subsequent to conviction;

4. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed or charges are dismissed within one (1) year of the arrest, or all charges are dismissed on the merits;

5. The statute of limitations on the offense had expired and no charges were filed;

6. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;

  7. The offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered;

  8. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction; or

  9. The person has been charged or arrested or is the subject of an arrest warrant for a crime that was committed by another person who has appropriated or used the person's name or other identification without the person's consent or authorization.

The second procedure, 22 Okl.St.Ann. § 991c, deals with expungement of "deferred sentences." Under this statute, a defendant's record is expunged from the court record and the charge dismissed with prejudice "[u]pon completion of the conditions of the deferred judgment, and upon a finding by the court that the conditions have been met and all fines, fees, and monetary assessments have been paid as ordered, . . . ."[3]

A review of these two statutes makes it clear that convictions falling within the provisions of 21 Okl.St.Ann. § 18 would be considered "expunged" for purposes of the Federal Sentencing Guidelines since any person qualified to file a motion for sealing court records under this statute would be able to show "constitutional invalidity, innocence, or errors of law." Convictions under 22 Okl.St.Ann. § 991c would not be considered "expunged" for purposes of the Federal Sentencing Guidelines since the basis for expungement under this statute is solely to remove the stigma of a criminal conviction and allow a defendant's civil rights to be restored. Thus, the legislative purpose behind the second statute is similar to the Arkansas statute considered in *United States v. Hines*, 133 F.3d 1360 (10th Cir. 1998).

---

[3] In *United States v. Johnson*, 941 F.2d 1102, 1111 (10th Cir. 1991), the Court held that the expungement of the record occurs automatically upon the successful completion of probation without any affirmative action on the part of the defendant.

5

Petitioner makes no allegations in this case that the records in either of his Ottawa County criminal cases were expunged under the procedures set forth in 22 Okl.St.Ann. § 18. Rather, petitioner claims because these two convictions were **both** "deferred" sentences they should not have been counted in his criminal history calculation. Even if the first conviction was "automatically expunged" by the defendant's successful completion of his sentence[4], it is clear the second conviction would not have been automatically expunged because a motion to accelerate was filed due to defendant's failure to pay the fine and defendant did not ultimately pay the fine in full until more than one year after the one year deferred sentence was imposed. Clearly, the basis for "expungement" in both of these cases was not related to "constitutional invalidity, innocence, or errors of law." As such, these convictions were correctly counted for criminal history purposes. *United States v. Hines*, 133 F.3d 1360, 1363 (10th Cir. 1998).

Next petitioner argues he was not on probation at the time of his arrest for the instant offense and, therefore, he should not have received two criminal history points pursuant to U.S.S.G. §4A1.1(d). According to §4A1.1(d), two points are added to a defendant's criminal history "if the defendant **committed the instant offense while under any criminal justice sentence**, including probation, parole, supervised release, imprisonment, work release, or escape status." (Emphasis added). Application Note 4 to §4A1.1(d) provides in, relevant part, as follows:

> Two points are added if the defendant committed *any part of the instant offense* (*i.e.,* any relevant conduct) while under any criminal justice sentence[5], including probation, parole, supervised release, imprisonment, work release, or escape status. . . . . . A defendant who commits the instant offense while a violation warrant from

---

[4] Assuming that the first sentence was "automatically expunged" under the reasoning of *Johnson*, while lowering his criminal history points to four, would not change the defendant's criminal history category.

[5] The Tenth Circuit has held that a deferred sentence imposed under Oklahoma law is a "criminal justice sentence" for purposes of §4A1.1(d). *United States v. Wilson*, 416 F.3d 1164, 1169 (10th Cir. 2005).

6

> a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. (Emphasis and footnote added)

In this particular case, the defendant pled guilty to engaging in criminal activity between September 2002 and January 2003. In entering his plea, the defendant stipulated that he possessed four grams of pseudoephedrine or ephedrine in the fall of 2002 (PSR at ¶ 4). Additionally, the PSR indicates in November 2002, the defendant allowed the barn of his residence to be used as a methamphetamine manufacturing site (PSR at ¶ 9). The defendant was sentenced in Ottawa County Case No. CM-2001-0302 on December 11, 2001, and was not discharged from that sentence until February 14, 2003 (PSR at ¶ 30). As a result, the defendant was clearly serving a criminal justice sentence in the fall of 2002 and, in particular, in November, 2002, when he was committing part of the instant offense. Accordingly, the addition of two criminal history points, pursuant to §4A1.1(d), was proper.

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. 667, 104 S.Ct. at 2064. Failure to establish either prong of the Strickland standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. Counsel's failure to raise an issue can only be deemed ineffective if there is a reasonable probability that inclusion of the issue would have changed the result of the

7

proceeding. Given the court's ruling that the criminal history points were correctly attributable to the defendant, petitioner can not show that his attorney's performance fell below an objective standard of reasonableness. Further, even if counsel had raised these issues, the result of the proceeding would not have changed. Thus, petitioner has failed to establish that he received ineffective assistance of counsel.

For the reasons cited herein, petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this 12th day of January, 2006.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma